UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

David Francis Maunsell          :
and Dorothy J. Maunsell,        :
                                :
        Plaintiffs,             :
                                :
    v.                          :        Case No. 2:14-cv-00007-wks
                                :
Judge Van Benthuysen,           :
                                :
        Defendant.              :

OPINION AND ORDER
(Doc. 1)

*Pro se* plaintiffs David Francis Maunsell and Dorothy J. Maunsell move to proceed *in forma paurperis* against Vermont Superior Court Judge Howard Van Benthuysen (Docs. 1 and 1-3.)  The Maunsells seek an *ex parte* writ of manifest error and an order vacating a judgment of foreclosure issued by the Orleans Unit of the Civil Division of the Vermont Superior Court in Docket No. 74-4-11 Oscv. (Doc. 1-3 at 2.) The Maunsells also request preliminary injunctive relief against the plaintiffs in the state court foreclosure matter. *Id.*  Because the financial affidavits filed in support of their applications meet the requirements of 28 U.S.C. § 1915(a), the motion for leave to proceed *in forma pauperis* is GRANTED.  However, for the reasons set forth

1

below, this case is DISMISSED.

<u>Discussion</u>

The Maunsells challenge a May 20, 2013 order of the Vermont Superior Court confirming judicial sale of the Maunsells' property in a foreclosure action. (Doc. 1-3 at 2.)  The Maunsells argue that, "the judgment of the state court was irregular because of manifest error, purposeful discrimination and abuse of discretion by Judge Van Benthuysen presiding in the court." *Id.*  They claim Judge Van Benthuysen improperly "attempted to avoid" their "quo warranto" challenge to the state court's jurisdiction, resulting in a violation of the Maunsells' due process rights. *Id.* at 3.  Fundamentally, the Maunsells seek to have this Court conduct "appellate review" of the state court determination by vacating the May 20, 2012 Confirmation Order and enjoining the state court plaintiffs from executing the judgment. *Id.* at 4.

The Maunsells' claim is familiar to the Court.  On September 6, 2013, Chief Judge Christina Reiss issued an order dismissing a petition by the Maunsells which made virtually the same allegations as those seen here. *See In re: Maunsell*, No. 5:13-mc-00058-cr, slip op. (D.Vt. Sept. 9,

2

2013).   In the previous matter, the Maunsells filed an "*ex parte*" action alleging that Judge Van Benthuysen improperly denied their "quo warranto" motion and denied their request for a new hearing to present evidence on the issue of fraud by the state court plaintiff. *Id.* at 1.   The Maunsells requested that this Court "correct" the May 20, 2013 Confirmation Order by setting a new hearing and assigning different state court judges to the case. *Id*. at 2.

Chief Judge Reiss granted the Maunsells' motion for leave to proceed *in forma pauperis* and dismissed the case without prejudice for lack of subject matter jurisdiction. *Id.* at 4.   As the Chief Judge thoroughly explained in the previous Opinion and Order, to the extent the Maunsells seek review of Judge Van Benthuysen's conduct or his ruling in a state court case, the federal district court generally lacks jurisdiction. *Id*. at 2 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *Dist. Of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983)).   Applying the *Rooker-Feldman* factors to the Maunsells' case, the Chief Judge concluded that despite any claimed constitutional rights violations, this Court could not review the state court order or otherwise issue an injunction staying the proceedings. *Id*. at 3.

*Pro se* filings are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  However, a district court may dismiss a case if it determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A court also has inherent authority to dismiss a case that presents no meritorious issue.  *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (district court may dismiss frivolous complaint *sua sponte* even where plaintiff paid filing fee); *Pillay v. Immigration & Naturalization Serv.*, 45 F.3d 14, 17 (2d Cir. 1995) (court has "inherent authority" to dismiss petition that presents "no arguably meritorious issue").

Here, the Court finds no significant difference between the allegations made here and those set forth in the earlier petition.  Furthermore, the doctrine of absolute immunity bars any claim against Judge Van Benthuysen for declaratory or injunctive relief brought pursuant to 42 U.S.C. § 1983 or

4

otherwise alleging constitutional violations. *See MacPherson v. Town of Southampton*, 664 F. Supp. 2d 203, 211 (E.D.N.Y. 2009); *see also Maunsell v. Johnson, et al.,* 100 Fed. App'x 47, 49 (2d Cir. 2004) (unpublished opinion) (affirming dismissal of previous action by Maunsell against six past and present Vermont Supreme Court judges on immunity grounds).

For substantially the same reasons as those set forth in the Opinion and Order issued in Docket Number 5:13-mc-00053-cr, this Court lacks subject matter jurisdiction to grant the relief sought in the present matter.  To the extent the issue has not already been decided and the Court does in fact, have subject matter jurisdiction, the Court concludes that the Maunsells' petition is frivolous and fails to state a claim on which relief can be granted. Therefore, the matter is DISMISSED WITHOUT PREJUDICE.  The court declines to grant leave to amend, as any amendment would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).


CONCLUSION

For the reasons set forth above, upon conducting the review required under 28 U.S.C. § 1915(a)(1) and

1915(e)(2)(B), the Maunsells' motion to proceed *in forma pauperis* (Doc. 1) is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 3rd day of March, 2014.

/s/ William K. Sessions III
William K. Sessions III
Judge, United States District Court